Glenn H. Strother v. Commissioner.
Strother v. Commissioner
Docket No. 59705.
United States Tax Court
T.C. Memo 1957-102; 1957 Tax Ct. Memo LEXIS 150; 16 T.C.M. (CCH) 425; T.C.M. (RIA) 57102; June 25, 1957
*150 Exemptions allowed petitioner under section 25(b), I.R.C. 1939, for support of two minor daughters. The amounts of deductions, if any, for interest, sales tax, gasoline tax, and automobile depreciation have been determined from the evidence. Glenn H. Strother, 3287 Saint Patrick Street, S. E., Atlanta, Ga., pro se. Miller Bowen, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion ARUNDELL, Judge: Respondent determined a deficiency in income tax for the year ended December 31, 1953, in the amount of $454.38. The issues are: (1) Whether petitioner is entitled to claim an exemption of $600 for each of his two minor daughters for the taxable year 1953 under section 25(b)[1]; (2) whether petitioner is entitled to deductions of certain finance charges as "interest" in the taxable year 1953 under section 23(b); (3) whether petitioner is entitled to certain additional deductions in 1953 for state sales tax and state gasoline tax under section 23(c); and (4) whether petitioner is entitled under section 23(1) to a deduction for depreciation of an automobile used in his law practice. Findings *152 of Fact Petitioner is an individual, residing in Atlanta, Georgia. He and his present wife, Jacqueline H. Strother, filed a joint income tax return for the taxable year ended December 31, 1953, with the director of internal revenue for the district of Georgia. Petitioner obtained a divorce a vinculo matrimonii from Eloise R. Strother in DeKalb County, Georgia, April 25, 1951. The divorce decree, among other things, provided that pursuant to the finding of the jury, the defendant, Eloise R. Strother, "is awarded full and complete title" to the property known as Number 183 Clifton Street, which had been deeded to petitioner in 1935; that title to all the furniture and household equipment owned by the parties and located in the home place "be, and the same is, awarded to the defendant, as found by the jury;" that the plaintiff (petitioner herein) pay to the defendant $80 per month in semimonthly installments "as permanent alimony, until she may remarry;" that the plaintiff pay to the defendant $40 per month in semimonthly installments "for each of the minor children of the parties;" that "Said payments of alimony for use of a child to cease upon death or marriage or attainment of *153 the age of twenty-one years, whichever shall first occur;" and that - "It is further ordered and decreed that custody of said minor children be, and the same is, hereby awarded to the mother, the defendant, Mrs. Eloise Reed Strother, with the right and privilege of having said children visit with their father at his place of residence at such times and for such length of time as the parties may be able to agree upon. In the event the parties are unable to agree upon said matters, the court will pass such orders in respect thereto as shall seem appropriate and in the best interest of all parties concerned." Petitioner married Jacqueline H. Strother on March 15, 1952. Petitioner was a member of the U.S. Air Force, holding the rank of Major through January 18, 1953, when he received his discharge. During this period, he was stationed at MacDill Air Force Base, Florida. Petitioner was employed by the Veterans Administration in Atlanta and resided in Atlanta from January 19, 1953, to December 31, 1953. During 1953, he and another person maintained a law office in the Forsyth Building in Atlanta. Petitioner conducted his outside law practice at night and on Saturdays and Sundays. *154 During 1953, petitioner's present wife was employed for a portion of the year by the American Red Cross in Atlanta and for a portion of the year by the Reconstruction Finance Corporation in Atlanta. On the joint return filed for 1953, petitioner claimed an exemption of $600 for each of his daughters Diane and Suzanne, who were 13-year-old twins. The respondent, in a statement attached to the deficiency notice, disallowed the exemptions "for the reason that evidence has not been presented to substantiate that you furnished their chief support for the taxable year." Diane and Suzanne lived with their mother, Eloise R. Strother, during the year 1953 except that Suzanne spent approximately every other week end with her father, and Diane, in addition to some week ends, resided with her father during June, July, and August. In 1954, petitioner, through court action, gained custody of his daughters, and Suzanne is now living with petitioner. Diane was married on November 7, 1956. Petitioner paid his divorced wife $960 as alimony during 1953. He also paid her $828 toward the support of Diane and Suzanne pursuant to the court decree. He did not pay her the $40 per month during the 3 *155 months that Diane resided with him. In addition to the $828 paid to his divorced wife for the support of Diane and Suzanne, petitioner paid for such items as department-store bills, camp expenses, and insurance for his two minor daughters, in the amount of $365.16. He also paid to Diane and Suzanne each approximately $4 per week for lunch and spending money. All the spending money Suzanne received was given to her by her father. Petitioner also paid his mother, Mrs. G. W. Strother, a total of $377.25 for clothes for Diane and Suzanne. Petitioner's mother paid out at least $100 of her own money toward the support of Diane and Suzanne during 1953. During that year. petitioner's automobile was used to take Suzanne and Diane to various places. Petitioner and his first wife also had an older daughter, Glenda Eloise Strother. Petitioner claimed no exemption for Glenda during 1953. Glenda was employed during that year and lived with her mother, Eloise R. Strother, to whom she paid $30 per month for her board. Eloise was also employed for a part of the time during 1953. Either during 1953 or 1954, Eloise borrowed money on the house, received under the divorce decree, for the purpose of painting *156 the house but did not use all of the money that was borrowed at that time. 2. On March 25, 1952, petitioner purchased an automobile on the installment plan and agreed to pay General Motors Acceptance Corporation 18 installments of $74.87 each, or a total of $1,347.66. Of this total, $152.91 was listed as finance charges, $79.15 of which was paid for the calendar year 1953. The amount of interest included in the finance charge for 1953 was $16.85. At some unknown date, petitioner purchased some household goods from Sears, Roebuck and Company and paid finance charges of $16.20 in connection with the purchase. 3. On the joint return for 1953, petitioner deducted as a part of total taxes paid $162.44 as sales tax and $177.10 as state gasoline tax. In the statement attached to the deficiency notice, the respondent, with respect to these items, said: "It is held that a reasonable estimate of sales taxes paid by you during 1953 is $89.34. The difference of $73.10 between this amount and the $162.44 claimed on your 1953 return has been disallowed. "It is held that a reasonable estimate of gasoline taxes paid by you during 1953 is $62.40. The difference of $114.70 between this amount *157 and the $177.10 claimed on your 1953 return has been disallowed." Petitioner arrived at the deduction of $162.44 for sales tax by taking an arbitrary 2 per cent of the adjusted gross income of $8,122.06 reported on the joint return of petitioner and his present wife. 4. On the joint return for 1953, petitioner deducted an amount of $550 as depreciation on an automobile for traveling, which the respondent disallowed. About 30 per cent of the use of petitioner's automobile was in connection with his law practice performed at night and on Saturdays and Sundays. The cost of the automobile was $1,800, and its useful life was approximately 3 1/2 years. At the time petitioner went into the armed services, he had a number of subrogation cases for insurance companies which he turned over to an associate. Upon his discharge from the service, he started working on these cases again, a considerable number of which were outside of Atlanta, and it was necessary for petitioner to use his automobile in connection with the prosecution of such cases. The amount of automobile depreciation attributable to petitioner's law business during 1953 was $125. Opinion The principal issue here is whether *158 petitioner is entitled to the two claimed exemptions for his minor daughters. In view of the respondent's disallowance of the claimed exemptions, the burden is on the petitioner to show that under section 25(b)[2] he furnished "over half" of the support of the two children during the taxable year. Allancunningham, 22 T.C. 906; E. R. Cobb, Sr., 28 T.C. - (May 31, 1957). *159 We have an unsatisfactory record from which to determine whether petitioner is entitled to the exemptions for contributing more than half of the support of his two minor daughters in 1953. The mother and father of the children are divorced and the children lived with their mother. In connection with the divorce proceedings, the family home, which was in the name of petitioner, was transferred to the wife, together with the household furnishings. Alimony was awarded to the wife in the sum of $80 per month and the petitioner was required to pay for the support of each daughter the sum of $40 per month. He not only paid the amount decreed by the court for the support of his two minor daughters during the year 1953 but he also contributed more than an additional $1,000, which sums were used to clothe the children, give them spending money, and pay for miscellaneous expenses such as equipment for camping trips, etc. It was petitioner's automobile which was used to take the children from place to place when necessary, and they spent many weekends with their father as well as long periods during the summer and particularly during the summer of 1953. An older daughter, who was working, *160 continued to live in the family home with her mother and paid $30 per month board. We do not know just what the income of the mother was but it appears she worked part time in 1953 and, when the time came to paint the family home, it was necessary to mortgage the property for the needed funds. In all fairness, either the father or the mother should be allowed the exemption granted by the statute. We do not understand that the Commissioner has yet made any definitive allowance to either parent. After a careful study of the entire record we have concluded that the petitioner has established that he furnished more than 50 per cent of the support of his two minor children during the year 1953 and is, therefore, entitled to the exemptions. Petitioner testified that his wife refused to come and testify, and the respondent did not call her as a witness. We think petitioner has at least made a prima facie case, and the burden of going forward rests on the respondent. Nellie Kenefick, Executrix, 3 B.T.A. 659; Sharaf v. Commissioner (C.A. 1, 1955), 224 Fed. (2d) 570, 572; Avco Manufacturing Corporation, 25 T.C. 975, 987-988. The local court placed the *161 duty of supporting the children on the father, and he not only paid the full amount fixed in the divorce decree but, during 1953, he contributed an additional sum of over $1,000 which was used for the children's support. The record in no place suggests that the wife had income or the means of providing so much for her children. 2. Section 23(b) provides that in computing net income there shall be allowed as a deduction "All interest paid * * * within the taxable year on indebtedness * * *." In our findings we have found that of the total finance charges applicable to the taxable year 1953 paid in connection with the purchase of an automobile on the installment plan, $16.85 thereof represented interest paid on indebtedness. We hold that petitioner is entitled to deduct this amount under section 23(b), supra. Regarding the household goods purchased on the installment plan, we are not advised as to the cost thereof or the period over which such cost was financed. We hold, therefore, that petitioner has failed to prove that any part of the finance charges of $16.20 is deductible as interest. 3. On the joint return, petitioner claimed deductions for sales tax of $162.44 and gasoline *162 tax of $177.10. The respondent allowed deductions for sales tax of $89.34 and gasoline tax of $62.40 and disallowed the remainder. We hold that petitioner has not proven that he is entitled to any greater deductions for these items than have been allowed by the respondent. 4. Section 23(1) provides that in computing net income there shall be allowed as a deduction "A reasonable allowance for the exhaustion, wear and tear * * * of property used in the trade or business * * *." Petitioner has shown that it was necessary for him to use his automobile in connection with his law practice to the extent of about 30 per cent of its total use; that the automobile cost $1,800; and that it had a useful life of about 3 1/2 years. We find and hold that petitioner is entitled to a deduction for the depreciation of his automobile in the amount $125of. Decision will be entered under Rule 50. Footnotes
1. Unless otherwise indicated herein, all references to section numbers are of the Internal Revenue Code of 1939.↩
2. SEC. 25. CREDITS OF INDIVIDUAL AGAINST NET INCOME. * * *
(b) Credits for Both Normal Tax and Surtax. - (1) Credits. - There shall be allowed for the purposes of both the normal tax and the surtax, the following credits against net income: * * *
(D) An exemption of $600 for each dependent whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $600, except * * *
(3) Definition of dependent. - As used in this chapter the term "dependent" means any of the following persons over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer: (A) a son or daughter of the taxpayer, or a descendant of either * * *. A payment to a wife which is includible under section 22(k) or section 171 in the gross income of such wife shall not be considered a payment by her husband for the support of any dependent.↩